UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
COURTNAY CURLIN,

                Plaintiff,

- against -

DELAWARE LIFE INSURANCE COMPANY OF
NEW YORK f/k/a SUN LIFE INSURANCE AND
ANNUITY COMPANY OF NEW YORK f/ka SUN LIFE
FINANCIAL INC. f/k/a SUN LIFE ASSURANCE
COMPANY OF CANADA

                Defendants.
------------------------------------------------------------------x

Docket #

**COMPLAINT**

JURY DEMANDED

The plaintiff, by her attorneys, The Behrins Law Firm, complaining of the defendants, alleges as follows:

## NATURE OF ACTION & PARTIES

1. This is an action arising under ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B), asserting claims for violations of the foregoing statutes.

2. That the plaintiff, COURTNAY CURLIN, at all relevant times herein, was and is a resident of the State of New York, County of Richmond.

3. That the plaintiff, COURTNAY CURLIN, is the Plan Participant.

4. The Plan under which the plaintiff is suing is a disability plan maintained by Delaware Life Insurance Company of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B).

6. This Court has personal jurisdiction over Defendants pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B), as one or more of the Defendants may be found in this District. The Delaware Life Insurance Company of New York maintains offices in the State of New York.

7. Venue is proper in this District pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B), because this is a District where the Plan was administered, where breaches occurred, and where one or more of the Defendants may be found.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

8. This Complaint challenges the Defendant's unlawful termination of the plaintiff's long term disability benefits despite medical evidence demonstrating her continued qualification for said benefits. The plaintiff is filing this action to recover long term disability benefits due under a policy of insurance to enforce the present rights existing therein, to declare her rights under the terms of the policy, and to recover costs and attorney's fees as provided by ERISA.

9. Up until 2014, the plaintiff was working full time. The plaintiff ceased working due to her disability, chronic myeloid leukemia, on May 29, 2014. The plaintiff has not worked since that time.

10. The Plan's covered class includes the plaintiff.

11. The defendant was notified of the plaintiff's claim on September 4, 2014. It was on that date that the defendant received the plaintiff's Employer Statement.

12. On October 3, 2014, the defendant approved the plaintiff's claim.

13. The plaintiff's benefits commenced, retroactively, as of August 27, 2014.

14. In continuing compliance with the defendant's requirements, the plaintiff supplied the defendant with the following information:

    a. Attending Physician's Statement completed by Dr. Tepler on April 27, 2015;

b. Claimant Questionnaire completed by the plaintiff;

   c. Proof of request for Hearing by Administrative Law Judge regarding the plaintiff's appeal of the denial of her Social Security Disability claim;

   d. Medical records from Dr. Tepler's office.

15. As of July 15, 2015, the defendant terminated the plaintiff's disability benefits.

16. On or about August 7, 2015, the plaintiff filed a formal appeal of the defendant's decision terminating her long term disability benefits.

17. On or about June 7, 2016, the defendant denied the plaintiff's appeal in spite of the fact that she continued to be disabled from work, which should have resulted in the payment of benefits.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974

18. Plaintiff repeats, reiterates, and realleges, each of the allegations contained in the plaintiff's complaint as if more fully realleged and set forth at length herein.

19. That the defendants' actions unlawfully terminated the plaintiff's benefits under her insurance plan.

20. As a result of the foregoing, the plaintiff sustained economic damages.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 29 U.S.C. § 1132(g)(1)

21. Plaintiff repeats, reiterates, and realleges, each of the allegations contained in the plaintiff's complaint as if more fully realleged and set forth at length herein.

22. That the defendants' actions violated the Employee Retirement Income Security Act of 1974, which provides the prevailing party with an award of reasonable attorneys' fees and costs.

23. As a result of the foregoing, the plaintiff is entitled to attorneys' fees associated with the cost of bringing this action.

WHEREFORE, the Plaintiff, COURTNAY CURLIN, demands judgment against defendants on the First and Second Causes of Action resuming monthly payments of $5,851.65 under the plaintiff's insurance plan and in the aggregate amount of $479,835.30, representing the payments from the cessation of benefits beginning July 15, 2015 through the filing of this complaint, together with costs, interest, attorneys fees, and such other and further relief as this Court deems just and proper.

Dated: Staten Island, New York
       May 31, 2022

                                              _____
                                              Jonathan Behrins
                                              The Behrins Law Firm
                                              Attorneys for Plaintiff
                                              Office & P.O. Address
                                              1491 Richmond Road
                                              Staten Island, New York 10304
                                              (718) 447-5540
                                              jb@behrinslaw.com